UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAMON WHITFIELD; HECTOR MADERA, <br><br> Plaintiffs, <br><br> vs. <br><br> DENNY'S CORPORATION; DENNY'S, INC.; SUNRISE RESTAURANTS, LLC; ANNE FLETCHER; MICHAEL FLETCHER; WKS RESTAURANT CORP. d/b/a WKS Restaurant Group, <br><br> Defendants. | 4:25-CV-04116-ECS <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS |

Plaintiffs Damon Whitfield and Hector Madera brought suit against various defendants for alleged discriminatory conduct occurring during a visit to Denny's Restaurant in Sioux Falls, South Dakota, on August 13, 2023. Doc. 6. The parties have since stipulated to the dismissal of Defendant Pilot Flying J Center # 716. Doc. 33. The matter is now before the Court on the remaining Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. Doc. 17 (Defendants' WKS Restaurant Corp. d/b/a/ WKS Restaurant Group, Sunrise Restaurants, LLC, Anne Fletcher, and Michael Fletcher Motion to Dismiss); Doc. 25 (Motion to Dismiss by Defendants Denny's Corporation and Denny's Inc.). Subject to the exception discussed herein, the Court has federal question jurisdiction and federal civil rights jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## I.    Facts

The following recitation constitutes the facts as alleged by Plaintiffs in their First Amended Complaint.  In accordance with the applicable standard of review for the pending motions, the Court accepts the facts alleged as true and views them in the light most favorable to the nonmoving party.[1]

Plaintiffs Damon Whitfield and Hector Madera are employed as cross-country truck drivers and cumulatively have been employed as such for over thirty years.  Doc. 6 ¶ 22.  Since June 2023, the two men have been a team, running cross-country loads from the East to the West Coast and back.  Id.  They were transporting a load from Seattle to Pennsylvania on August 13, 2023, when they stopped to rest, shower, and eat at Pilot Flying J in Sioux Falls, South Dakota.  Id. ¶¶ 21, 23–24.  Pilot Flying J provides public services to interstate truck drivers, including meals at a Denny's Restaurant located inside.  Id. ¶ 24.  Denny's is a popular American-style restaurant serving truck drivers in the Sioux Falls area due to its close proximity to Exit 83 off Interstate 29.  Id. ¶ 25.

While Madera showered, Whitfield went to Denny's to order breakfast for both of them before resuming their drive.  Id. ¶ 24.  Upon entering, Whitfield was half-heartedly greeted by server Anne Fletcher, who seated him, provided him with menus, took his drink order of orange juice, and provided him with the drink.  Id. ¶ 26.  Whitfield waited for Fletcher's return so that he could place his order.  Id.  During this time, Whitfield witnessed Fletcher seating other patrons,

---

[1] When considering a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "accept[ ] as true all factual allegations in the light most favorable to the nonmoving party."  Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019) (citing Smithrud v. City of St. Paul, 746 F.3d 391, 397 (8th Cir. 2014)).  The same holds true when considering a facial attack on subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (1990)); see also Doc. 18 at 12; Doc. 26 at 16 (Defendants' facial attacks on subject matter jurisdiction).  The Court omits quotation marks when quoting facts alleged in Plaintiffs' First Amended Complaint for Damages, Doc. 6.

2

taking and bringing food orders, and tending to patrons that had arrived after Whitfield. Id. Approximately thirty minutes elapsed before Madera arrived at the table after his shower. Id. Fletcher still had not returned to their table. Id.

Once Madera arrived, he and Whitfield discussed ordering food, and Whitfield discussed the fact that others were seated, and food was ordered and served while Madera showered. Id. ¶ 27. They waited fifteen additional minutes before waving Fletcher over to take their order. Id. They politely requested to place an order. Id. When Fletcher approached them, she refused to take their order, referring to them as "you people," and walked away. Id.

The interaction shocked Whitfield and Madera. Id. ¶ 28. A few more minutes elapsed, and Fletcher walked back over to the table and engaged in conversation with Madera. Id. She again expressly refused to serve him and Whitfield, referred to them as "you people" a second time, and directed them to leave the restaurant. Id. She told them she was calling the police on them. Id. Fletcher pulled the menus out of their hands and grabbed Whitfield's orange juice off the table, spilling juice on him. Id. She then walked away and began to talk to someone across the room. Id.

At this point, both Whitfield and Madera were in shock at the use of the words "you people" and waited patiently to see if the police had been called, as they did not want to be accused of absconding from the scene without paying for the orange juice. Id. ¶ 29. After a few minutes of contemplation, Madera decided that there must have been some misunderstanding and approached Fletcher to find out if it was something that could be corrected, as they were just trying to eat breakfast and get back on the road. Id. ¶ 30. Fletcher was speaking to another employee, and Madera calmly waited for her to finish. Id. Once she directed her attention to

Madera, he politely tried to speak with her about the misunderstanding. Id. However, Fletcher cut him off and responded, "there is no misunderstanding, the police are coming." Id.

Michael Fletcher, after speaking with Anne Fletcher, called the Sioux Falls Police Department on the Plaintiffs to have them removed and/or arrested at Anne Fletcher's direction. Id. ¶ 31.

Madera went back to the table and reported to Whitfield what happened, at which point they began recording subsequent encounters. Id. ¶ 32. Madera asked another server if she could help them order food. Id. ¶ 33. She responded that she would provide them with menus. Id. However, when this server returned, she stated that Ms. Fletcher would like them to leave without causing a scene and disrupting other patrons. Id. She refused to explain why when asked by the Plaintiffs and again told Plaintiffs they needed to leave as the police were on the way. Id. She refused to provide them with the name of Anne Fletcher when asked for it by Madera. Id.

At this point, two Sioux Falls police officers walked up and demanded Madera and Whitfield come with them. Id. ¶ 34. Plaintiffs were walked out of Denny's, escorted by the police officers. Id. Whitfield and Madera allege they felt distressed, humiliated, embarrassed, and dehumanized. Id. ¶ 34. The police officers advised Madera and Whitfield that they were responding to two men who were reportedly being aggressive with staff and causing a disruption. Id. ¶ 35. Upon speaking with them, the officers excused the Plaintiffs without arrest after learning what had occurred. Id.

On these alleged facts, Plaintiffs bring one count of denial of right to contract pursuant to 42 U.S.C. § 1981 and one count of denial of accommodation pursuant to 42 U.S.C. § 2000a

4

against all remaining Defendants. Doc. 6 at 8–13. Defendants move to dismiss in two separate motions. Docs. 17, 25.

## II.    Count I: Denial of Right to Contract

Plaintiffs allege that all Defendants violated 42 U.S.C. § 1981 when they refused "to provide service to the Plaintiffs on the basis of their skin color." Doc. 6 ¶ 45. On various theories, all Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 18 at 3–11; Doc. 26 at 5–16.

### A.    Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." "Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain 'enough facts to state a claim to relief that is plausible on its face.'" Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA, No. 5:24-CV-05085-ECS, 2025 WL 2783499, at *8 (D.S.D. Sept. 30, 2025) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

On a motion to dismiss under Rule 12(b)(6), "[c]ourts must accept a plaintiff's factual allegations as true" and construe all reasonable inferences in the plaintiff's favor "but need not accept a plaintiff's legal conclusions." Retro Television Network, Inc. v. Luken Commc'ns,

5

LLC, 696 F.3d 766, 768–69 (8th Cir. 2012) (citing Ashcroft, 556 U.S. at 678; E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 662 (8th Cir. 2012)).  When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (quoting Miller v. Redwood Toxicology Lab'y, Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

### B.    Discussion

42 U.S.C. § 1981(a) guarantees the right "to make and enforce contracts" regardless of race.  This right attaches when a person actively seeks or makes "some tangible attempt to contract." Green v. Dillard's, Inc., 483 F.3d 533, 538 (8th Cir. 2007) (quoting Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 752 (5th Cir. 2001)).  At a restaurant, the right engages when a diner first seeks service, because "dining at a restaurant generally involves a contractual relationship that continues over the course of the meal and entitles the customer to benefits in addition to the meal purchased." Arguello v. Conoco, Inc., 330 F.3d 355, 360 (5th Cir. 2003).

The elements of a § 1981 claim are "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009).  Plaintiffs state they "are members of a protected class as African Americans." Doc. 6 ¶ 39.  They allege they were engaged in a protected activity "when they attempted to make a contract for the purchase of food at Denny's restaurant." Id. ¶ 40.  They allege that Defendants, "through the conduct of Anne Fletcher and Michael Fletcher," and "at the instruction

of Anne Fletcher, intentionally interfered with the formation of that contract based solely on the Plaintiffs' membership in a protected class." Id. ¶¶ 41–42. Finally, they argue that Defendants' discriminatory intent manifested in their refusal of service to Plaintiffs and the "false report" Defendants made to police about Plaintiffs. Id. ¶ 44.

### 1.    WKS Motion to Dismiss Count I for Failure to State a Claim

Defendants WKS Restaurant Corp. d/b/a/ WKS Restaurant Group, Sunrise Restaurants, LLC, Anne Fletcher, and Michael Fletcher (collectively, "WKS") move to dismiss Count I for failure to state a claim, arguing that nothing in Plaintiffs' First Amended Complaint manages to set forth how WKS' conduct was due to race. Doc. 18 at 4. WKS distills the basis of Plaintiffs' complaint as "being half-heartedly greeted, waiting several minutes while other patrons were attended to, A. Fletcher refusing to take their food order after she delivered a drink and referring to Whitfield and Madera as 'you people[,'] and then calling police to respond to two men who were reportedly being aggressive." Id. at 5. WKS argues that none of this "allows the Court to make the connection that the facts asserted were motivated by racial bias." Id.

WKS cites to several cases where courts have found the term "you people," without additional context as "too ambiguous to infer racial discrimination." See id. at 5–11; see, e.g., Univ. of Md. E. Shore Nat'l Alumni Ass'n v. Schulte Hosp. Grp., Inc., No. RDB-23-2141, 2024 WL 3424088, at *7 (D. Md. July 15, 2024) ("mere use of the phrase 'you people' is insufficient to demonstrate discrimination" (citation omitted)). Notably, many of these cases were decided at summary judgment, and not on a motion to dismiss. See Anderson v. Wachovia Mortg. Corp, 621 F.3d 261 (3d Cir. 2010); Griffin v. Ambika Corp., 103 F. Supp. 2d 297 (S.D.N.Y. 2000); Arnold v. Marous Bros. Constr., Inc., 211 F. App'x 377 (6th Cir. 2006); West v. AM/NS Calvert, 350 F. Supp. 3d 1227 (S.D. Ala. 2018); McLaurin v. Waffle House, Inc., 178 F. Supp. 3d 536

(S.D. Tex. 2016); Addison v. Signet Jewelers Ltd., No. 1:23-cv-22956 (RMB) (MJS), 2025 WL 1766119 (D.N.J. June 26, 2025); Scott v. Thomas & King, Inc., No. 3:09-CV-147, 2010 WL 2630166 (S.D. Ohio June 28, 2010). WKS also cites to a number of cases to support its position that the mere fact that police were called does not create an inference of racial discrimination when "A. Fletcher called the police who were told to come due to two men being aggressive and causing a disruption." Doc. 18 at 8–9 (citations omitted). WKS argues that it is Plaintiffs' burden to "initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." Id. at 4 (quoting Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020)). On the facts pled, WKS argues that only speculation would allow the court "to make the connection that the facts asserted were motivated by racial bias." Id. at 5.

Plaintiffs respond that WKS is misinterpreting the standard under Rule 12(b)(6). Doc. 41 at 4. They argue that they "need not prove intent at this stage; they need only allege facts that make discriminatory intent plausible." Id. They proffer their own case construing the phrase "you people" as reflecting a discriminatory intent. Id. at 5 (citing Cooler v. Layne Christensen Co., 710 F. App'x 842, 848 (11th Cir. 2017) (per curiam)); see also id. (citing Ash v. Tyson Foods, Inc., 546 U.S. 454, 456 (2006) (per curiam) (finding the term "boy," depending on "various factors including context, inflection, tone of voice, local custom, and historical usage," could evince racial animus)).

Plaintiffs cite to Dalomba v. Simonsen, a case from the District of New Hampshire, as "instructive in that the court found that the use of the [phrase] 'you people' may not in an[d] of itself be a racial epithet but taken in context where the Dalombas were the only black family present establishes a specific intent to discriminate against the plaintiff on the basis of race."

8

Doc. 41 at 6 (citing No. 15-cv-272-PB, 2016 WL 1257891, at *9 (D.N.H. Mar. 30, 2016)). Plaintiffs state that, like in Dalomba, they were the only black patrons at Denny's. Id. Plaintiffs did not plead that fact in their Amended Complaint. See generally Doc. 6; see also Doc. 18 at 7 (brief in support of WKS' motion to dismiss) ("Plaintiffs here did not list in their Complaint the race of A. Fletcher nor the race of anyone else in the Denny's Restaurant at that time, not even the races of the other patrons that A. Fletcher was allegedly tending to."); see also Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation modified)). Where facts in their Amended Complaint are deficient, Plaintiffs argue the appropriate remedy is leave to amend, not dismissal. Doc. 41 at 10–11. WKS argues leave to amend would be futile, because the phrase "you people" is insufficient to plausibly plead discriminatory intent. Doc. 44 at 8–9.

Plaintiffs have the better argument. While Plaintiffs do not allege the race of their server or other restaurant patrons, at the motion to dismiss stage, all reasonable inferences must be drawn in their favor. Watkins v. City of St. Louis, 102 F.4th 947, 950 n.1 (8th Cir. 2024). From the tenor of the Amended Complaint, it is reasonable for the Court to infer that the server and served customers at Denny's were not African American. And so, the Court need only decide whether it is plausible that the server, who used the phrase "you people" to address these two African American Plaintiffs who she refused to serve, did so with racial animus. The Court finds that it is plausible.

The phrase "you people" has "historically been used in demeaning ways towards Black men." Price v. Valvoline, L.L.C., 88 F.4th 1062, 1067 (5th Cir. 2023). While "[t]he appellation can [also] imply an infinite number of things," Anderon v. Kierstead, No. 05-5296 (MLC), 2006

U.S. Dist. LEXIS 4728, at *7 (D.N.J. Feb. 6, 2006), "it is not the district court's role at the pleading stage to conclusively decide which explanation or inference is more compelling." Edwards v. City of Florissant, 58 F.4th 372, 379 (8th Cir. 2023) (Kelly, J., dissenting) (citing Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010)). Given the invidious history of the term "you people," only a "lawful, obvious alternative explanation" for its use would cause Plaintiffs' claim to "stop short of the line between possibility and plausibility." McDonough v. Anoka County, 799 F.3d 931, 946 (8th Cir. 2015) (citation modified). The Court fails to find such an obvious, alternative explanation. According to the pleading, A. Fletcher characterized Plaintiffs as "you people" the first time she approached them together, while contemporaneously rescinding their menus and refusing service. The immediacy of that appraisal plausibly suggests that the term "you people" was not indicative of Fletcher's familiarity with Plaintiffs as unique persons but rather spoke to their membership in a category to which Fletcher did not belong and disfavored. The pleading alleges that after calling Plaintiffs "you people" and refusing to serve them, A. Fletcher spoke to M. Fletcher, who called the police on Plaintiffs, who "were just trying to eat breakfast . . . to have them removed and/or arrested." Doc. 6 ¶¶ 30–31. These alleged facts constitute a plausible claim of racial discrimination at the pleading stage. WKS' motion to dismiss Count I is denied.

### 2. Denny's Motion to Dismiss Count I for Failure to State a Claim

Denny's Corporation and Denny's Inc. (collectively, "Denny's") present multiple theories for the dismissal of Count I. Doc. 25. The first is that Plaintiffs have "named the wrong Denny's entities." Id. at 2. Plaintiffs describe "Denny's Corporation and/or Denny's Inc. [as] the Corporation Franchisor." Doc. 6 ¶ 2. But Denny's asserts that "a separate legal entity—DFO, LLC—is the franchisor of the Sioux Falls restaurant." Doc. 26 at 5. It claims, "Denny's

Corporation and Denny's Inc. are . . . the parent company and managing member, respectively." Id.

As to Denny's corporation, the alleged corporate parent, Denny's argues that "[a] parent corporation is generally not liable for . . . its subsidiaries." Id. at 6 (quoting Jahner v. Kumho Tire U.S.A., Inc., No. 18-5036-JLV, 2020 WL 4932832, at *10 (D.S.D. Aug. 24, 2020) (ellipsis in original)); see Robinson v. Terex Corp., 439 F.3d 465, 468 (8th Cir. 2006) (citation omitted); see also United States v. Bestfoods, 524 U.S. 51, 61 (1998) (citation omitted).

As to Denny's Inc., the alleged managing member, Denny's nods to SDCL § 47-34A-303's command that "[a] debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company.  A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager." Doc. 26 at 7.

To support its assertions that DFO, LLC is the true franchisor, Denny's Corporation is the parent corporation, and Denny's Inc. is the managing member, Denny's moves the Court to take judicial notice of Denny's Form 10K at page 150,[2] Id. at 5–6 & n.2, the entire contents which are:

*Exhibit 21.1*

**Subsidiaries of Denny's Corporation**

| Name | State of Incorporation |
|---|---|
| Denny's, Inc. | Florida |
| DFO, LLC | Delaware |
| Denny's Realty, LLC | Delaware |
| East Main Insurance Company | South Carolina |
| Keke's, Inc. | Florida |
| Keke's Franchise Organization, LLC | Delaware |

---

[2] The cited Form 10K pagination is as to the .pdf file whose link appears at Doc. 26 at 6.  It differs from the internal document pagination.

11

See Denny's Corp., Annual Report (Form 10-K) at 150 (Feb. 24, 2025) [hereinafter Form 10K]. From this, the Court is persuaded only that Denny's Corporation is the parent corporation of the companies listed in the table. The Court need not consider whether that parent is liable for the acts of a subsidiary franchisor because this table does not identify the franchisor of the Sioux Falls Denny's Restaurant. And so, the Court must continue to accept as true for the purposes of the pending motion to dismiss that "Denny's Corporation and/or Denny's Inc. are the Corporation Franchisor." Doc. 6 ¶ 2.

Denny's argues that even if the correct franchisor is named, Plaintiffs plead no facts that the franchisor had any "involvement in the events of August 13, 2023." Doc 26 at 7. Denny's states, "WKS, as the 'Franchisee,' is solely responsible for the actions of its employees, owners, managers and directors . . . including the Fletchers." Id. at 3 (citing Doc. 6 ¶¶ 15–16). It goes on to state that "Denny's does not . . . employ the Fletchers." Id. at 7 (citing Doc. 6 ¶¶ 15–16). Denny's describes the Fletchers as "two individual employees of WKS." Id. at 2. But Denny's apparently overlooks that Denny's is also pleaded as an ostensible employer of the Fletchers. Doc. 6 ¶¶ 15–16 ("Anne Fletcher . . . was employed as a server by Denny's, WKS or Sunrise Restaurants.") ("Michael Fletcher . . . is employed as the manager by Denny's, WKS or Sunrise Restaurants."). At this stage in the litigation, Plaintiffs are entitled to assert the Fletchers' employers' identities in the alternative if Plaintiffs are "legitimately . . . in doubt about the factual background of the case." 5 Wright & Miller's Federal Practice & Procedure § 1283 (4th ed. 2026) ("Under Federal Rule 8(d)(2) a party may include inconsistent allegations in a pleading's statement of facts."); see Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 536 (8th Cir. 1970) ("A claimant may plead inconsistent facts in support of alternative theories of recovery."); Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any

12

one of them is sufficient."). At this stage, the Court must accept as true that Denny's is the Fletchers' employer. Denny's makes no argument that an employer is not liable for the acts of its employees. Rather, it endorses that liability.

Denny's does argue, however, that vicarious liability is inconsistent with its Form 10K, which states Denny's "does not maintain ownership and control of the franchised restaurants." Doc 26 at 9 (citation modified) (quoting Form 10K at 13). Even if this Court were persuaded that such language could overcome being pleaded as an employer at the restaurant level, and ergo, with respect to A. Fletcher as server, the Amended Complaint still pleads M. Fletcher as a regional manager. Doc. 6 ¶ 3. It is entirely plausible that a regional manager would be employed by a franchisor rather than a franchisee, and nothing in Denny's Form 10K contradicts that notion.

Denny's finally argues that A. Fletcher's characterization of Plaintiffs as "you people" is insufficient to plausibly state a § 1981 claim. Doc. 26 at 13–16. The Court rejects that argument for the reasons stated above. Denny's motion to dismiss Count I is denied.

## III.   Count II: Denial of Public Accommodation

Plaintiffs allege that all Defendants violated section 2000a, Title II of the Civil Rights Act when they refused "to provide service to the Plaintiffs on the basis of their skin color." Doc. 6 ¶ 62. All Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1). They argue that this Court lacks subject matter jurisdiction to consider the claim because Plaintiffs "failed to establish they filed a charge with the appropriate state agency prior to filing this civil action." Doc. 18 at 12; see also Doc. 26 at 16.

13

**A.     Standard of Review Under Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) permits a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991) (citing Kronholm v. FDIC, 915 F.2d 1171, 1174 (8th Cir. 1990)). "The plaintiff bears the burden to establish subject-matter jurisdiction." Two Eagle v. United States, 57 F.4th 616, 620 (8th Cir. 2023).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brough under Rule 12(b)(6)." Id. (citations omitted). "A factual attack disregards the pleadings and challenges the existence of subject matter jurisdiction in fact." Ranchers-Cattlemen Action Legal Fund, 2025 WL 2783499, at *5 (citing Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914–15 (8th Cir. 2015)).

Both of Defendants' motions mount facial attacks on subject matter jurisdiction. See Doc. 18 at 12; Doc. 26 at 16. Thus, this Court will restrict "itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013) (quoting Osborn, 918 F.2d at 729 n.6).

**B.     Discussion**

Title II of the Civil Rights Act of 1964 (the "Act") declares "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

14

accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." Pub. L. No. 88-352, § 201, 78 Stat. 241, 243 (codified at 42 U.S.C. § 2000a(a)).  Restaurants at truck stops are an example of "places of public accommodation."  42 U.S.C. § 2000a(b)(2).  Such restaurants violate the Act by denying service based on any of the protected classes.  § 2000a-2.

A plaintiff suing under Title II "cannot recover damages."  Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (per curiam).  He can, however, seek injunctive relief, "not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."  Id. (footnote omitted); see § 2000a-3(a).  He may also seek attorney's fees.  § 2000a-3(b).  But before a plaintiff may seek these remedies in federal court, he must first give notice of the "alleged act or practice . . . to the appropriate State or local authority by registered mail or in person," if the state or locality has a "law prohibiting such act or practice and establishing or authorizing [that government] to grant or seek relief from such practice." § 2000a-3(c).

As all Defendants note here, South Dakota has such a law.  See Doc. 18 at 12 (citing SDCL §§ 20-13-23, -28); Doc. 26 at 16 (citing SDCL § 20-13-23).  And as all Defendants note, in the Eighth Circuit, the failure to first file notice with the State functions as a jurisdictional bar to considering the claim.  Doc. 18 at 12 (citing Zean v. Choice Hotels Int'l, Inc., 801 F. App'x 458, 459 (8th Cir. 2020) (per curiam); Bilello v. Kum & Go, LLC, 374 F.3d 656, 659 (8th Cir. 2004)); Doc. 26 at 16 (citing Zean, 801 F. App'x at 459).  Plaintiffs do not allege they filed notice with the State.  See generally Docs. 6, 41.  And so, all Defendants move, under Federal Rule of Civil Procedure 12(b)(1), for dismissal of Plaintiffs' Title II claim for lack of subject matter jurisdiction.  Doc. 18 at 12; Doc. 26 at 16.

15

Plaintiffs argue that the authority Defendants cite "is only suggestive as the case law does not apply to this jurisdiction." Doc. 41 at 8. The case law Defendants cite is Eighth Circuit precedent, binding on this Court. Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003). Plaintiffs argue they "are not required to plead exhaustion under Rule 8 unless it is an element of the claim; failure to exhaust is treated as a defense, not a pleading requirement, and cannot defeat the complaint absent the defense being apparent on its face." Doc. 41 at 9 (citing Fed. R. Civ. P. 8(a)(2)). But Plaintiffs overlook Rule 8(a)(1), which requires a pleading contain "a short and plain statement of the grounds for the court's jurisdiction." Further, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citation omitted). In their First Amended Complaint, Plaintiffs invoked the Court's federal question and federal civil rights jurisdiction. Doc. 6 ¶ 7 (citing 28 U.S.C. §§ 1331, 1343). But that jurisdiction only attaches as to a Title II claim if the notice prerequisite of 42 U.S.C. § 2000a-3(c) is satisfied. Billelo, 374 F.3d at 659. Because Plaintiffs never filed notice with the South Dakota Division of Human Rights, see SDCL § 20-13-28, the Court lacks jurisdiction to proceed on Plaintiffs' Title II Claim. Defendants' motions to dismiss Count II are granted.

## IV.    Order

For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that Defendants' WKS Restaurant Corp. d/b/a/ WKS Restaurant Group, Sunrise Restaurants, LLC, Anne Fletcher, and Michael Fletcher Motion to Dismiss, Doc. 17, is granted in part and denied in part in accordance with this opinion. The motion to dismiss Count I is denied. The motion to dismiss Count II is granted, and Count II is dismissed without prejudice. It is further

ORDERED that the Motion to Dismiss by Defendants Denny's Corporation and Denny's Inc., Doc. 25, is granted in part and denied in part in accordance with this opinion. The motion to dismiss Count I is denied. The motion to dismiss Count II is granted, and Count II is dismissed without prejudice.

DATED this 15th day of May, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE